AO 245D (Rev 12/03) Judgment in a Criminal Case for Revocations
Sheet 1

# United States District Court
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>Jamaal D. Hilton | JUDGMENT IN A CRIMINAL CASE<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number: CR604-00003-004<br>USM Number: 11832-021<br><br>Matthew L. Waters<br>Defendant's Attorney |

**THE DEFENDANT:**

[X] admitted guilt to violation of <u>Mandatory and Standard Conditions</u> of the term of supervision.
[ ] was found in violation of condition(s) _ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant committed another Federal, state, or local crime (mandatory condition). | March 28, 2006 |

**See Page 2 for Additional Violations.**

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s)___ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No: | 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 | |
| Defendant's Date of Birth: | July 8, 1984 | July 18, 2007 |
| | | Date of Imposition of Judgment |
| | | *(Signature)* |
| | | Signature of Judge |
| Defendant's Residence Address:<br>Federal Bureau of Prisons | | |
| Defendant's Mailing Address:<br>Federal Bureau of Prisons | | B. Avant Edenfield<br>United States District Judge<br>For the Southern District of Georgia<br>Name and Title of Judge<br><br>7-18-2007<br>Date |

DEFENDANT: Jamaal D. Hilton
CASE NUMBER: CR604-00003-004

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | The defendant possessed a firearm or other destructive device (mandatory condition). | March 28, 2006 |
| 3 | The defendant associated with a person engaged in criminal activity (standard condition). | March 25, 2006 |
| 4 | The defendant committed another Federal, state, or local crime (mandatory condition). | March 28, 2006 |

DEFENDANT: Jamaal D. Hilton  
CASE NUMBER: CR604-00003-004

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>24 months, to be served consecutively to the sentence imposed in United States District Court, Southern District of Georgia, CR406-00315-001</u>.

[ ]    The Court makes the following recommendations to the Bureau of Prisons:

[X]    The defendant is remanded to the custody of the United States Marshal.  
[ ]    The defendant shall surrender to the United States Marshal for this district,

    [ ] at ___ [ ] a.m. [ ] p.m. on _____.  
    [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 2 p.m. on _____.  
    [ ] as notified by the United States Marshal.  
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____  
United States Marshal

By _____  
Deputy United States Marshal

DEFENDANT: Jamaal D. Hilton
CASE NUMBER: CR604-00003-004

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** |  | $2,500 | $2,000 |

[ ] The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[X] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Darby Bank and Trust<br>ATTN: Ann Marie Harrell<br>RE: Swann Seiler restitution account<br>P.O. Box 870<br>Vidalia, Georgia 30475 |  | $2,000.00 |  |
| **Totals:** |  | $2,000.00 |  |

[ ] Restitution amount ordered pursuant to plea agreement   $ _____

[X] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the   [ ] fine   [ ] restitution.
    [ ] The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jamaal D. Hilton
CASE NUMBER: CR604-00003-004

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [ ]   Lump sum payment of $ __ due immediately, balance due

    [ ] not later than ____; or
    [ ] in accordance with   [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B [X]   Payment to begin immediately (may be combined with   [ ] C,  [ ] D, or  [ ] F below); or

C [ ]   Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]   Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]   Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ]   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):


[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Jamaal D. Hilton
CASE NUMBER: CR604-00003-004

## COURT'S FINDINGS

On July 18, 2007, the defendant, with assistance of counsel, appeared before the Court for a hearing for violation of supervised release. The Court, after receiving a stipulation by the defendant, made findings on the record that on June 24, 2004, Jamaal D. Hilton appeared before the Court and was sentenced after pleading guilty to the offense of bank fraud. The defendant was sentenced to twelve months custody to be served consecutively to his state prison sentence, followed by a five-year term of supervised release. He was ordered to pay a $2,500 fine, $2,000 restitution, and a $100 special assessment. As special conditions of supervised release, the defendant was ordered to participate in substance abuse testing and treatment as directed and complete 200 hours of community service during the first 24 months of supervised release. He was further ordered to provide access to any requested financial information and not incur new credit charges or open additional lines of credit without approval of the probation officer. The defendant was released to supervision on November 28, 2005.

The Court finds that on March 25, 2006, the defendant violated the conditions of supervised release after being arrested by the Treutlen County Sheriff's Office and charged with driving on a suspended license and speeding. During the arrest, a Weihrauch .357 revolver was recovered. The Court finds the Weihrauch .357 revolver was one of fifty firearms stolen in a commercial burglary from Big Tom's Pawn Shop in Savannah on March 9, 2006. On March 28, 2006, warrants were issued by Treutlen County Superior Court charging the defendant with possession of a firearm by a convicted felon and theft by receiving stolen property. On the same date, the defendant was arrested by Alcohol, Tobacco, Firearms, and Explosives Special Agent Michelle Kaufmann and turned over to the Treutlen County Sheriff's Office. Prior to the arrest, the defendant gave consent to search his residence in Savannah and agents found under the defendant's bed a Universal .30 caliber rifle. Hilton was subsequently charged with possession of a firearm by a convicted felon by the Savannah-Chatham Metropolitan Police Department.

The Court finds that on September 15, 2006, a Southern District of Georgia federal grand jury returned a three-count indictment (CR406-00315-001) against the defendant. Counts 1 and 3 of the Indictment charge the defendant with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), while Count 2 charges the defendant with possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On March 7, 2007, the defendant appeared before the Honorable William T. Moore, Jr., Chief Judge, United States District Court, and entered a plea of guilty to Count 3 of the Indictment. On June 13, 2007, the defendant was sentenced to thirty-six months custody followed by a three-year term of supervised release.

The defendant is a 23-year-old male who has an extensive criminal history consisting mostly of property crimes. He has now been convicted of possession of a firearm by a convicted felon. Firearms possession by convicted felons usually leads to more serious crimes. As previously noted, the defendant stipulated to the charges as outlined in the Petition and the Addendum. The Court will accept this stipulation and will give some credit to the defendant because he has accepted responsibility for his actions. Therefore, the Court will sentence the defendant to the custody of the Bureau of Prisons for a period of twenty-four months custody, to be served consecutively to CR406-00315-001. The Court will not reimpose a term of supervised release since the defendant has been sentenced to three years supervised release in CR406-00315-001. The Court will reimpose the $2,500 fine and $2,000 restitution.